IN THE COURT OF APPEALS
NINTH DISTRICT OF TEXAS at BEAUMONT

STATE OF TEXAS, Appellant

vs.

PHILLIP EDWARD NORWOOD, Appellee

NO. 09-15-00083-

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 24 2015
Abel Acosta, Clerk

MOTION TO FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS
SEP 25 2015
Abel Acosta, Clerk

COMES NOW, PHILLIP EDWARD NORWOOD, pro se, your above named Appellee respectfully requesting that this Honorable Court of Appeals, extend the time for Appellee to file his Motion for Discretionary Review, thus state as follows:

Phillip Edward Norwood, hereinafter referred to as Norwood or Appellee, is an indigent pro se Appellee, who is presently incarcerated in the Criminal Justice Center in Memphis Shelby County, TN, Appellee is unlearned in law and has only a 12th grade education. Appellee, It is well established through rulings from the United States Supreme Court that pro se pleadings should be liberally construed Haines v. Kerner (citations omitted). A court should give a pro se [Appellee] (sic) every opportunity to correct an inartfully drawn pleading and to take action when action is required or discretionary prior to disposing of a case not in his or her favor.

PAGE 1 of 3

Here, Appellee is highly disadvantaged by being in jail without daily access to legal material, having no experience or education in law and is pro se for the first time in his lifetime.

Appellee further argues that he did not receive notice that the case was reversed and remanded until September 10, 2015 although the Memorandum Opinion was submitted on August 5, 2015 and Opinion Delivered on August 31, 2015.

Appellee states that he needs until October 30, 2015 to submit his Petition for Discretionary Review, which will contain his legal argument. Extending the date to October 30, 2015 (Friday) will not prejudice Appellant. Appellee is unable to call Appellant telephonically in order to get their consent on this motion.

Wherefore, premises considered, Appellee Prays that this court extend the date to file a Petition for Discretionary Review to Friday, October 30, 2015

Phillip Norwood
#15116279
201 Poplar
Memphis, TN 38103

# CERTIFICATE
## OF
## SERVICE

I, Phillip Norwood, do certify that I have given the foregoing Motion to the jailer here at 201 Poplar Memphis, TN 38103 to mail to the below on this 12th day of September 2015. Mail sent via U.S. Postal Service, first class postage prepaid.

Vincenzo J. Santini
Assistant District Attorney
207 W. Philips 2nd Floor
Conroe, Texas 77301

_Phillip Norwood_
Phillip Norwood, Appellee

# IN THE COURT OF APPEALS
## NINTH DISTRICT OF TEXAS AT BEAUMONT

STATE OF TEXAS         APPELLANT

VS.        Case No: 09-15-00083-CR

PHILLIP E. NORWOOD       APPELLEE

## PETITION FOR DISCRECTIONARY REVIEW

    Before this Honorable Court is PHILLIP NORWOOD, your Appellee, petitioning this court to use its discretion to review their August 5, 2015 (submitted on) August 31, 2015 (Opinion Delivered) Memorandum Opinion and state as follows:

    Phillip Norwood, hereinafter referred to as Appellee or Norwood was indeed indicted for possession of a control substance with intent to deliver/manufacture; but, the indictment was linked to audio taped recordings of the State of Texas; hereinafter referred to as State or Appellant, witness, the confidential informant. If the Appellant had no tapes their would not have been an indictment and this case would not be in existence.

    Appellee desire to know and to confront the informant that is the cause of him going through with being indicted, wherein is this

right under the Texas Rules of Evidence and the United States Constitution (Norwood believes that the 6th Amendment to the U.S. Constitution provide for a criminal defendant to have an absolute right to confront his/her accuser.

In April 2014, the State provided a name of Santiago Cantu as the informant but Appellee has reason to believe that such name is a false name, because Appellee, through his attorney at the time, Chip Lewis, could not find any information under that name. Appellee sought further discovery seeking the informant's background information, which Appellant failed to provide. Appellant argued that the informant's background information is in the exclusive possession of the DEA and is not in the State's possession, custody, or control and that Article 39.14(a) of the Texas Code of Criminal Procedure requires that the State produce items of discovery that are "in the possession, custody, or control of the state or any person under contract with the state."

Appellant's first argument is that the DEA and its officers and agents contracts with the state. The DEA, its officers and agents are federal law enforcement that engaged in contract with the State of Texas to conduct law enforcement business on state soil when they utilized an informant

and set-up sting operation on Texas, not federal, soil. Pursuant to the Uniform Commercial Code, the State contracted with the DEA, its officers and agents when the State allowed them to conduct business on their soil. Furthermore, the State officers participated in the acts that led to the arrest as well as transported Appellee to a state [funded and controlled] jail.

If the acts complained of in the indictment did not allegedly occur on state soil but federal soil then the Appellant could not have indicted Appellee due to lack of Jurisdiction. The indictment was based on a federal operation that occured on state soil. The State could have issued a subpeona to obtain the informant's information Respectfully, the ruling of the trial court should be affirmed and the indictment dismissed.

Appellant further argues, secondly, that the Sixth Amendment to the United States Constitution guarantees his absolute right to confront his accuser. In this case, the indictment was based on the informant's conversation with Appellant, which was tape recorded. NOTE: The target was not Norwood but Armondo Hicks was the target. Appellee, Norwood was "dragged" into this case because he had a brief conversation with the informant, which was recorded.

If this court reverse and remand the trial court's ruling to dismiss the indictment then Appellee's right to confront his accuser (Informant) under the constitution will be violated. If this court finds that the trial court's order violated Article 39.14(a) of the Tex. Code Crim. Proc. Ann., stating that the informant's information is not in the State's possession, custody or control or that no contract existed, then the trial court's order must be affirmed in that the State's failure to produce the informant (accuser) pursuant to the 6th Amendment is a violation of Norwood's constitutional rights. Due process under the 5th Amendment and the 14th Amendment require the State to produce the accuser before the accused (Norwood) in that Norwood may examine and cross examine the accuser based upon affidavit and testimony. The 6th Amendment supercedes Art. 39.14(a)

Norwood does not concede that the trial court's order violates article 39.14(a). Norwood failed to respond for many reasons stated in his Motion to Extend Time to File Petition for Discretionary Review, which includes, but not limited to, him being in jail, pro se status, no legal experience or education and more importantly, Norwood (Appellee) did NOT receive a copy of the State's (Appellant's) appeal brief.

Due process of law requires the Appellant to send a copy of all filed motions, pleadings and briefs to Appellee's attorney, or, if unrepresented, to the Appellee. As of this date, Appellee never received a copy of the Appeal Brief that apparantly was filed by the State (Appellant). It appears that Norwood (Appellee) was incarcerated at Fort Bend County Jail at the time the State (Appellant) filed its brief (Fort Bend County Jail is located in Richmond, Texas) but Norwood was soon extradited to the Shelby County Jail in Memphis, Tennessee and his mail was not forwarded to Tennessee. Norwood did NOT receive the State's brief.

If the State attempts to proceed without allowing Appellee the opportunity to confront his accuser then the State will infringe on Appellee's Constitutional right. The State, who depended on the audio taped evidence of the informant to get an indictment on Appellee, cannot produce the informant. Respectfully, the indictment must be dismissed pursuant to a 6th Amendment violation.

Norwood further argues that to allow the State to use evidence of an informant to gain an indictment against him but fail to provide that discovery requesting the informant's

information violates his due process rights guaranteed to him under the 5th and 14th Amendments to the United States Constitution, particularly the 14th Amendment, which applies to the States. Due process of law requires Appellee to be able to examine witnesses against him, especially his accuser.

Respectfully, the trial's court order dismissing the indictment should be affirmed to protect Appellee's 14th Amendment Due process right.

Wherefore premises considered of all of Norwood's (Appellee's) four (4) arguements herein, he respectfully prays that this court enter its discretion and review its order reversing and remanding. Norwood prays that this Petition for Discretionary Review and/or in the alternative Petition for Reconsideration be granted and the court vacate its last ruling and affirm the trial court's order dismissing the indictment.

Phillip Norwood
Phillip E. Norwood #151116279
Shelby County Criminal Justice Center
201 Poplar Avenue
Memphis, TN 38103

# CERTIFICATE OF SERVICE

I, Phillip Norwood, do hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review has been given to a deputy jailer to be mailed, via First Class, Postage Prepaid to the below

William J. Delmore III
Asst. District Attorney
207 W. Phillips, 2nd Floor
Conroe, TX 77301

Phillip Norwood
9-14-15